UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA, | No. 2:24-cv-0337 WBS SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| PATRICK COVELLO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Francisco Sierra, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is before the undersigned for these findings and recommendations under Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are before the court. As set forth below, any potential retaliation claims against C/O Jenkins, C/O Hurtado, C/O Brown, and Warden Covello are barred by res judicata because plaintiff already litigated those claims to a final judgment on the merits. Otherwise, the complaint fails to state a claim and granting leave to amend would be futile. Plaintiff's complaint should be dismissed.

**I.      In Forma Pauperis**

Plaintiff's declaration left blank the section about any gross pay or wages earned in prison. (ECF No. 2 at 1.) The declaration indicates plaintiff has no income from other sources. (Id. at 1.) Plaintiff's trust account statement for the six months immediately preceding the filing of the

1

complaint reflects multiple "JPAY" deposits in amounts of $30 or $100. (ECF No. 8 at 1-2.) Although plaintiff has not explained the source of these funds, based on the rest of the information in plaintiff's affidavit and trust account statement, plaintiff makes the showing required by 28 U.S.C. § 1915(a) and the motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the

1  pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236
2  (1974).

### III. Procedural Background

On March 15, 2022, plaintiff filed a civil rights complaint in this court captioned Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN ("prior case"). After plaintiff had multiple opportunities to amend, the assigned magistrate judge issued findings and recommendations on October 4, 2023, recommending the case be dismissed without further leave to amend for failure to state a claim. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 34. The district judge assigned to the case adopted in full the findings and recommendations and entered judgment on November 2, 2023, dismissing plaintiff's third amended complaint without leave to amend. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 36. The court denied plaintiff's request to transfer the case to the Northern District of New York. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 34.

Plaintiff initiated the instant action in the Northern District of New York on January 24, 2024, where it was assigned case number 9:24-cv-108. (ECF No. 1.) The instant action was transferred to this court on January 29, 2024. (ECF Nos. 5, 6.)

### IV. Allegations in the Present Complaint

The events alleged the present complaint took place at Mule Creek State Prison ("MCSP") during the time period beginning on March 24, 2021, and lasting until plaintiff's transfer to Pleasant Valley State Prison. (ECF No. 1.) Plaintiff seeks damages and injunctive relief, including to "process/re-open [case No.] 9:23-cv-1165-GTS-ML[.]"[1] (Id. at 11.)

In March 2021, plaintiff filed a staff misconduct declaration with 64+ signatures concerning staff misconduct of C/O Jenkins at MCSP. (ECF No. 1 at 3.) In May 2021, plaintiff

---

[1] The case plaintiff seeks to "process/re-open" was filed in the Northern District of New York—case No. 9:23-cv-1165—and was transferred to this court and reassigned case No. 2:23-cv-2548-KJM-CSK. In that case, plaintiff named M. E. Spearman as the sole defendant and sought injunctive relief in the form of immediate transfer out of Mule Creek State Prison based on allegations that he was being poisoned. See Sierra v. Patterson, et al., No. 2:23-cv-02548-KJM-CSK, ECF No. 1. The case was dismissed without prejudice for failure to prosecute on April 3, 2024. Sierra v. Patterson, et al., No. 2:23-cv-02548-KJM-CSK, ECF Nos. 12, 13, 18, 20.

learned of vague conspiracy accusations that plaintiff planned to rape a female correctional officer. (Id.) Plaintiff was sent to ad-seg. (Id.)

In July 2021, C/O Jenkins took plaintiff's hot pot. (Id.) C/O Hurtado said to plaintiff, "that's what you get for messing with Jenkins" and C/O Jenkins made a similar comment to plaintiff. (Id.)

In August 2021, C/O Hurtado did her last 9:30 p.m. walk and then returned unexpectedly for a second time to look in plaintiff's cell. (ECF No. 1 at 3.) Seeing plaintiff exposed, Hurtado wrote plaintiff a false "IEX" rules violation report ("RVR"). (Id. at 3, 7.)

In September 2021, plaintiff was assaulted by a dentist who disfigured plaintiff's teeth, which was the subject of a prior lawsuit. (ECF No. 1 at 3.) Sacramento courts have attempted to "cover up" when dealing with plaintiff's civil suits involving MCSP. (Id.)

In October 2021, Warden Patrick Covello released plaintiff to Facility B after having previously stated plaintiff would go back to Facility C. (ECF No. 1 at 4.) "Staff sent plaintiff to another yard to suppress evidence about what had really happened.…" (Id.) Plaintiff was asked to cell with a transgender inmate. (Id.) C/O Brown threatened plaintiff with a possible RVR for refusing housing but eventually agreed to house plaintiff with a different inmate. (Id.) Three weeks later, plaintiff was served with a 115 RVR from C/O Brown for disobeying orders. (Id.)

In November 2021, plaintiff filed a declaration with 43+ signatures against C/O Brown, David Tsui, B. Holmes and M. Banks regarding various staff misconduct violations. (ECF No. 1 at 4.) Plaintiff was placed in C status "upon having filed a lawsuit on medical malpractice at MCSP, and trying to write the media." (Id.) At a disciplinary hearing, Sgt. Baskerville retaliated by finding plaintiff guilty, stating "you're messing with a whole union!" (Id.)

In December 2021, Warden Covello placed plaintiff in a monitored cell to "torture" plaintiff with write ups for filing litigation against MCSP. (ECF No. 1 at 5.) Covello was now watching every step of plaintiff. (Id.)

In February 2022, plaintiff challenged C/O Brown's "obstruction" with the courts because C/O Brown refused to bring plaintiff his legal papers and a librarian had to do so. (ECF No. 1 at 4.) "A couple steps back plaintiff's cell was trashed [and] property stolen." (Id.) Plaintiff had

4

another encounter with C/O Hurtado, who wrote plaintiff the IEX RVR, and plaintiff filed a grievance regarding Hurtado's rude conduct. (Id.)

In March 2022, C/O Brown searched plaintiff's cell again, took more items, and falsely wrote plaintiff up for possessing unauthorized appliances even though plaintiff's cell mate admitted ownership of the appliances. (ECF No. 1 at 4.) Lt. M. Banks "approved all these frivolous RVR's and staff misconduct from C/O's Tsui, and Brown" even though plaintiff's inmate witnesses stated the items were lent to another inmate, not plaintiff. (Id.)

During family visits in May of 2022, plaintiff was disturbed by staff warnings about excessive contact. (ECF No. 1 at 5, 10.) Plaintiff's sister complained and requested to transfer plaintiff. (Id. at 5.) "These people continue utilizing inferences to intimidate plaintiff's family." (Id. at 7.)

In June 2022, plaintiff began participating in a write a prisoner pen pal site, but the communication received seemed suspicious and plaintiff concluded these people were working for CDCR. (ECF No. 1 at 5.) Plaintiff's "personal informational contacts were also being displayed to all the inmate population not knowing why." (Id.)

In October 2022, plaintiff was suddenly rushed by about three inmates. (ECF No. 1 at 5.) Staff did nothing. (Id.)

In December 2022, a dentist placed a transmitter in plaintiff's upper left back wisdom tooth so that everyone including staff and inmates could hear what plaintiff thinks. (ECF No. 1 at 5.) "It turns out the Supreme Court/Congress had intervened in plaintiff's individual cases and provided everyone on the yard devices to communicate with them." (Id.) "The courts have attempted to have plaintiff removed from Fac C through intimidation tactics and manipulative schemes." (Id.)

Beginning in March 2022, "everyone would walk around screaming obnoxious manipulative statements all day" and "custody immediately was instructed to poison plaintiff's food, and or was behind it by Congress." (ECF No. 1 at 5.) After that, plaintiff was consistently or repeatedly given poisoned food trays at MCSP and ad-seg placements. (Id. at 6-7.) Plaintiff received mysterious food that "bubbles inside stomach, wrinkl[es] skin," and "progresses no

1  weight." (Id. at 6.) "All California courts are plugged in through transmitter" approved by the
2  Supreme Court. (Id.) People have been filing false derogatory information behind plaintiff's back,
3  both administratively and on court dockets. (Id.) Plaintiff's tablet messaging has been repeatedly
4  hacked. (Id. at 7, 10.) Plaintiff has been targeted due to lawsuits. (Id.) Warden Covello did
5  nothing but order staff custody to continue the retaliation towards plaintiff. (Id. at 6.)

6  Plaintiff filed a petition to the Orange County Superior Court which was not processed.
7  (ECF No. 1 at 7.) Sacramento courts prolonged plaintiff's other suit and dismissed it. (Id.) No
8  attorney will take plaintiff's case because "these people are possibly using strategies to prevent
9  retainment." (Id.) "They're ahead at every step with this transmitter." (Id.) On January 6, 2024, a
10 correctional officer at Pleasant Valley State Prison admitted to plaintiff that everyone could hear
11 plaintiff through a transmitter and demonstrated where it was by tapping the area. (Id. at 10.)

12 **V.     Discussion**

13 **A. Retaliation Claims barred by Res Judicata**

14 Any potential retaliation claims against C/O Jenkins, C/O Hurtado, C/O Brown, and
15 Warden Covello are barred by res judicata based on plaintiff's prior lawsuit, Sierra v. Covello, et
16 al., No. 2:22-cv-00488-TLN-KJN. The doctrine of res judicata bars the re-litigation of "any
17 claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found.
18 Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Western Radio Servs. Co. v.
19 Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)). The court can raise and consider res judicata sua
20 sponte. See Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 329-30 (9th Cir. 1995).
21 Res judicata bars a claim when there is (1) an identity of claims, (2) a final judgment on the
22 merits, and (3) privity between parties. Id.

23 **1.    Identity of Claims**

24 "Identity of claims exists when two suits arise from 'the same transactional nucleus of
25 facts.'" Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d
26 1064, 1078 (9th Cir. 2003) (quoting Owens, 244 F.3d at 713). "Claim preclusion bars any
27 lawsuits on any claims [arising out of the same transactional nucleus of facts] that were raised or
28 ////

6

could have been raised in a prior action." Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005).

To the extent plaintiff asserts retaliation claims against defendants Covello, Jenkins, Hurtado, and Brown in the present suit, those claims arise from the same transactional nucleus of facts as plaintiff's claims in the prior case, which were adjudicated on the merits. Plaintiff's initial complaint in the prior case alleged the following, among others claims:

Claim 1: "… I personally wrote Patrick Covello MCSP Superintendent a few times in personal writing bringing a couple issues to his attention in good faith trying not to file complaints, but instead of a solution, I was targeted even more, and faster!" Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 1 at 4.

Claim 4: "C/O Jenkins is responsible for stealing my hot pot [and] giving me an RVR… and also telling me not to fuck with him when I asked him about my hot pot. He later stole more of my property[.]" Id.

Claim 5: "C/O Hurtado committed the inevitable by creeping up on me on the last night count for 3rd watch doing a second walk while I was alone catching me exposed… doing my thing and lying about how it actually occurred[.]" Id.

Claim 7: "C/O J. Brown is responsible for heavily targeting me, and writing frivolous 115 RVR's against me… [and] telling inmates whats on my C-File[.]" Id. at 5.

In the prior case, plaintiff filed multiple amended complaints. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF Nos. 17, 25, 29. On July 21, 2023, the assigned magistrate judge granted plaintiff a final opportunity to amend in the prior case only as to the potential retaliation claims. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 27 at 6 ("In an abundance of caution, plaintiff is granted leave to file a third amended complaint in which he alleges that on or about a particular date, a defendant (or defendants) retaliated against plaintiff because of plaintiff's conduct protected under the First Amendment and which did not reasonably advance a legitimate penological goal.").

Plaintiff's final operative pleading in the prior case, the third amended complaint, repeated the allegations against defendants Covello, Jenkins, Hurtado, and Brown. Sierra v. Covello, et al.,

7

No. 2:22-cv-00488-TLN-KJN, ECF No. 29. Specifically, plaintiff alleged the following: "on or about 2021 plaintiff was allegedly charged with an IEX at MCSP BY C/O Hurtado" (id. at 2); "plaintiff did submit paperwork at the prison challenging the false RVR"; "there's a transmitter on my upper left last back tooth…" (id. at 3); "[I filed a] law suit on Patrick Covello… conspiring against me" (id.); "I personally submitted [a complaint] with 84+ signatures on C/O Jenkins for staff misconduct" (id. at 4); "I filed another one on C/O Brown with 43+ signatures" (id.); "[C/O Jenkins] took my hot pot" (id.); "C/O Brown retaliated on me repeatedly by writing me up continuously over and over for not wanting to house with a transgender I/M" (id.); "Warden Patrick Covello never did anything about Jenkins or Brown upon reaching out to him various times") (id. at 4-5); "I also have litigation on C/O Hurtado for a misunderstanding I had with her alleging IEX which got turned down by the courts for a DA referral" (id. at 5); "I've been getting poisoned and [losing] weight" (id. at 5) "plaintiff was falsely placed on C status because I was trying to write the media" (id. at 5); "C/O Brown piled me up with write-ups" (id.); "Warden Patrick Covello has… operated MCSP… blatantly targeting me" (id.).

The assigned magistrate judge screened the third amended complaint in the prior case for retaliation claims, specifically noting plaintiff's allegations against defendants Covello, Jenkins, Hurtado, and Brown, and found the third amended complaint failed to state a claim against any defendant. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 34 at 6. The district judge assigned to the prior case adopted the findings and recommendations in full and dismissed the third amended complaint without further leave to amend. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 36.

### 2. Final Judgment on the Merits

The court entered judgment in the prior case on November 2, 2023, dismissing the third amended complaint for failure to state a claim. Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF Nos. 36, 37. That was a final judgment on the merits as to plaintiff's retaliation claims. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal ... - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits."); Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002)

(dismissal for failure to state a claim under Rule 12(b)(6) pleading standards is final judgment on the merits for purposes of res judicata). However, because plaintiff's final opportunity to amend in the prior case was for his retaliation claims only, see id. at 6, the court finds a final judgment on the merits only as to plaintiffs' potential retaliation claims against defendants Covello, Jenkins, Hurtado, and Brown.

### 3. Privity between Parties

For res judicata purposes, privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). As to plaintiff, Francisco Sierra, and the res judicata defendants, Warden Covello, C/O Jenkins, C/O Hurtado, and C/O Brown, the parties are in privity because they are identical.

## B. Screening for Other Claims

### 1. Non-Compliance with Rule 8

The factual allegations in the present complaint are set forth in a single paragraph spanning several pages with no headings or other indicators to assist the court in discerning what claims plaintiff seeks to bring. (ECF No. 1 at 3-8.)[2] Setting aside for now any issue with improper joinder of unrelated claims against different defendants, the court is unable to understand what claims plaintiff intends to bring, and against whom of the 13 named defendants. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff was previously advised that Rule 8 of the Federal Rules of Civil Procedure requires plaintiff to set forth his claims regarding the events that took place at MCSP in short and plain terms, directly and concisely. See Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN,

---

[2] In a similar manner as in the prior case, plaintiff asserts various apparently unrelated allegations involving multiple defendants and events spanning a period of a year or more at MCSP. See Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 7 at 6 ("plaintiff files suit against 22 defendants" and "attempts to join myriad unrelated claims against multiple defendants committing different acts at different times over a period of several months").

ECF No. 20 at 3-4. Plaintiff has failed to heed the court's previous warnings in this regard. The present complaint does not meet the pleading standard to give fair notice of the claims and the grounds on which they rest, and this non-compliance with Rule 8 is a basis for dismissing the complaint. See McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

### 2. No Claims Stated

Separately, and in addition, the complaint fails to state a claim under 42 U.S.C. § 1983. A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983.

To the extent plaintiff is attempting to state claims based on false reports, harassment, or property deprivation, the allegations do not state a claim. First, the filing of a false report by a prison official against a prisoner is not, by itself, a violation of the prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same). "An allegation that a false disciplinary report has been filed can state a claim for a procedural due process violation" only "if the plaintiff alleges that the procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 [] (1974) were not met in connection with prosecution of the disciplinary charges and/or that the disciplinary conviction was not supported by 'some evidence.'" Cyprian v. Givens, No. 2:09–cv–2704 JAM JFM, 2012 WL 2501021, at *2 (E.D. Cal., June 27, 2012). Plaintiff has not made such allegations. Second, allegations of harassment and defamation are not cognizable under § 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982). Third, deprivation of a prisoner's property fails to state a claim under 42 U.S.C. § 1983 because California law provides an

adequate post-deprivation remedy.[3] See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff was advised in the prior case that his allegations of false reports, harassment, and property deprivation at MCSP during the relevant time period do not state a claim. See Sierra v. Covello, et al., No. 2:22-cv-00488-TLN-KJN, ECF No. 7 at 7-8. In the same order in the prior case, the court provided plaintiff with applicable legal standards for bringing retaliation, due process, and access to courts claims. See id. at 7-10. As set forth below, the present complaint still fails to state any such claim.

Setting aside any potential retaliation claims already found to be barred by res judicata, plaintiff does not state a retaliation claim against any named defendant. The complaint does not include sufficient factual allegations to plausibly suggest a nexus between any specific protected activity by plaintiff and adverse action by a defendant. See Rhodes v. Robinson, 408 F.3d 559, 567–68 (setting forth the "five basic elements" required to state a retaliation claim within the prison context: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Plaintiff does not state an access to courts claim based on the allegation that C/O Brown obstructed plaintiff's activity with the courts. (See ECF No. 1 at 4.) C/O Brown's alleged refusal to bring plaintiff his legal papers on a single occasion (which a librarian brought instead) fails to suggest plaintiff suffered "actual injury" as required to state an access to court claim. See Lewis v. Casey, 518 U.S. 343, 346 (1996).

Plaintiff also does not state a due process claim. Although the complaint references various RVRs and disciplinary hearings, where there are any factual allegations about the disciplinary proceedings, they are too conclusory to state a claim. There is no instance of a

---

[3] Plaintiff does not allege any deprivation of property occurred pursuant to an established procedure so as to invoke the exception to the general rule regarding deprivation of property. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001).

specified disciplinary proceeding resulting in the loss of good time credits for which plaintiff alleges he was deprived of any of the minimum due process requirements. See Wolff, 418 U.S. at 556.

Finally, plaintiff's allegations of being poisoned and having a transmitter placed in his tooth do not support a claim for relief. See, e.g., Hill v. Harris, No. 1:14-CV-0289-AWI-MJS, 2014 WL 1689659, at *2 (E.D. Cal. Apr. 29, 2014) (dismissing as frivolous the plaintiff's complaint alleging a "vast conspiracy among the CDCR and its employees to poison Plaintiff"); Lamon v. Tilton, No. 1:07-cv-00493-AWI-DLB (PC), 2009 WL 1884361, at *3 (E.D. Cal. June 30, 2009) (rejecting as facially implausible the claim that prison officials were engaged in an elaborate and seemingly coordinated conspiracy to retaliate against the plaintiff through, among other things, poisoning him). The poisoning and transmitter allegations warrant dismissal based on implausibility. See Neitzke, 490 U.S. at 327 (courts have the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

## VI.     Conclusion and Recommendation

Any potential retaliation claims against C/O Jenkins, C/O Hurtado, C/O Brown, and Warden Covello are barred by res judicata. As to any other potential claims, the complaint fails to state a claim and should be dismissed without leave to amend.

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, in plaintiff's prior case, Sierra v. Covello, et al., No. 2:22-cv-0488-TLN-KJN, plaintiff named 10 of the 13 defendants named in the present action and made factual allegations that are the same or substantially similar.[4] As set forth in the orders in that case and above, plaintiff was already granted and availed himself of multiple opportunities to amend to attempt to state claims based on the events that allegedly occurred at MCSP during the time period in

---

[4] The defendants named in the present suit who were not named in the prior case are C/O Faith, M.E. Spearman, and Via Path/GTL. The complaint fails to present any clear factual allegations against these defendants.

12

question. Plaintiff has been unable to remedy the defects in the claims and it clearly appears he is unable to do so. This is evident because the court previously put plaintiff on notice of Rule 8's pleading standard, the defects in plaintiff's potential claims, and the applicable law for his potential claims. Under these circumstances, granting another opportunity to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

In addition, IT IS RECOMMENDED as follows:

1. The court find that any potential retaliation claims against C/O Jenkins, C/O Hurtado, C/O Brown, and Warden Covello are barred by res judicata, and, otherwise, the complaint does not comply with Rule 8 of the Federal Rule of Civil Procedure and fails to state a claim.
2. Plaintiff's complaint be dismissed with prejudice and without leave to amend.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

////
////
////
////
////

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE